UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HORNER MILLWORK CORP. Plaintiff, | ) | CA 08 321 ML |
| Vs. | ) | CIVIL ACTION NO. |
| UNITED STATES FIRE INSURANCE COMPANY Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND CLAIM FOR JURY TRIAL**

Answering the plaintiff, **HORNER MILLWORK CORP.'S**, Complaint, the defendant, **UNITED STATES FIRE INSURANCE COMPANY**, admits, denies and alleges as follows:

1. The defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

2. The defendant admits the allegations contained in this paragraph.

3. This paragraph contains conclusions of law; and as such, the defendant is not required to respond. If it is later determined that such a response is necessary, said defendant denies each and every allegation contained in this paragraph.

4. The Defendant denies that a copy of an amended complaint filed by Jeffrey S. LaBelle in the action captioned Jeffrey S. LaBelle v. Joe Park, alias, Horner Millwork Corp., Kolbe & Kolbe Millwork Cp., Inc., Paul Masse, alias, John Doe, Jones Doe Company One and John Doe Company Two, Providence Superior Court, Civil Action Number PC- 06-2374, was attached to the complaint in this action, and further states that the allegations in the amended complaint filed by Jeffrey S. LaBelle speaks for itself.

5. The defendant admits that it certain provided insurance coverage to Kolbe & Kolbe Millwork Co., Inc. and that Kolbe & Kolbe Millwork Co., Inc. is a defendant in an action filed by Jeffrey S. LaBelle. The defendant is without sufficient knowledge to form a belief as to the truth of the remainder of the allegations contained in this paragraph.

6. The defendant states that the amended complaint filed by Jeffrey S. LaBelle speaks for itself.

7. The defendant admits that it issued a policy of insurance to Kolbe & Kolbe Millwork Co., Inc., the terms and conditions of which speaks for itself.

8. The defendant states that the amended complaint filed by Jeffrey S. LaBelle speaks for itself.

9. The defendant denies the allegations contained in this paragraph.

10. This paragraph contains conclusions of law and as such the defendant is not required to answer. If it is determined that the defendant is required to answer the defendant denies the allegations this paragraph.

**FIRST DEFENSE**

The defendant states pursuant to R.I. Super.R.Civ.P. 12(b)(6) and Fed. R.Civ.P. 12(b)(6) that the plaintiff fails to state a claim upon which relief can be granted against the defendant.

**SECOND DEFENSE**

And further answering, the defendant states pursuant to R.I. Super.R.Civ.P. 12(b)(4) that the process was insufficient.

**THIRD DEFENSE**

And further answering, the defendant states pursuant to R.I. Super.R.Civ.P. 12(b)(5) that the service of process was insufficient.

**FOURTH DEFENSE**

And further answering, the defendant states pursuant to R.I. Super.R.Civ.P. 12(b)(2) and Fed. R Civ. P. 12(b)(2) that there is a lack of jurisdiction over the defendant.

**FIFTH DEFENSE**

And further answering, the defendant states pursuant to R.I. Super.R.Civ.P. 12(b)(3) and Fed.R.Civ.P. 12(b)(3) that venue is improper.

**SIXTH DEFENSE**

And further answering, the defendant states that the plaintiff is barred from recovery because this action was not brought within the time specified by the General Laws of this State.

**SEVENTH DEFENSE**

And further answering, the defendant states that the complaint fails to state a claim upon which relief can be granted as the defendant has no contractual obligation to provide Horner Millwork Corp. with a defense in the action captioned, Jeffrey S. LaBelle v. Joe Park, et al, Providence Superior Court C.A. No. PC 06-2374.

**EIGHTH DEFENSE**

And further answering, the defendant states that the complaint fails to state a claim upon which relief can be granted as the defendant has no contractual obligation to indemnify Horner Millwork Corp. for any judgment or settlement entered against it in the action captioned, Jeffrey S. LaBelle v. Joe Park, et al, Providence Superior Court C.A. No. PC 06-2374.

**NINTH DEFENSE**

And further answering, the defendant states that Horner Millwork Corp. failed to comply with the terms and conditions of the alleged policy of insurance.

**TENTH DEFENSE**

And further answering, the defendant states that Plaintiff's claims have been brought in an improper venue or inconvenient forum and accordingly are barred.

**ELEVENTH DEFENSE**

And further answering, the defendant states, the no actual controversy has arisen between the parties and the plaintiff's' claims for declaratory judgment are improper and should be dismissed.

**TWELFTH DEFENSE**

And further answering, the defendant states that the Plaintiff's claims are barred by the doctrine of waiver.

**THIRTEENTH DEFENSE**

And further answering, the defendant states that the Plaintiff's claims are barred by the doctrine of estoppel

**FOURTEENTH DEFENSE**

And further answering, the defendant states that the Plaintiff's claims are barred by the doctrine of laches.

**FIFTEENTH DEFENSE**

And further answering, the defendant states that the Plaintiff has failed to act reasonably to mitigate its alleged damages.

**SIXTEENTH DEFENSE**

And further answering, the defendant states that the Plaintiff has failed to join all necessary parties to this action.

**THE DEFENDANT CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

United States Fire Insurance Company
By Its Attorney:

JAMES T. HUGGARD(# 6464)
10 Weybosset Street
Providence, RI 02903
Tel.: 401-621-7286
Fax: 401-621-7348
Email: huggard@burnsandfarrey.com

CERTIFICATE OF SERVICE

I, JAMES T. HUGGARD, hereby certify that I have this date mailed a copy of the within document, postage prepaid, to Mark P. Dolan, Esq., 72 Pine Street, Providence, RI, 02903.

DATED: August 27, 2008

JAMES T. HUGGARD